J-S48011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBIN LEACH | : | |
| | : | |
| Appellant | : | No. 3589 EDA 2019 |

Appeal from the Order Entered October 29, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002066-2012.

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: JANUARY 29, 2021**

Robin Leach appeals *pro se* from the order that denied as untimely her latest petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-46. We affirm.

Previously, this Court has summarized the pertinent facts as follows:

> In or around 2000, Yolanda Harper ("Harper") and Steven Shipley ("Shipley") began a romantic relationship. In November 2010, Harper learned that Shipley was also in a romantic relationship with [Leach]. Thereafter, [Leach] began sending Harper threatening and harassing messages via a variety of electronic platforms. In those messages, [Leach] demanded that Harper terminate her relationship with Shipley. Beginning in August 2011, [Leach] began harassing Harper on a daily basis, including sitting in her vehicle outside of Harper's residence.
>
> On November 25, 2011, Harper observed [Leach] sitting in her vehicle outside of Harper's residence. When Harper complained to Shipley, he requested that Harper meet him at his place of employment. Harper and her daughter,

Vashti Wilks ("Wilks"), then traveled to [Shipley's] place of employment. [Leach], along with several other individuals, followed Harper to Shipley's place of employment. Shipley got into Harper's vehicle and they, along with Wilks, drove away. [Leach] followed them in her vehicle. When Harper, Shipley, and Wilks stopped at a gas station, [Leach] and the other occupants of her vehicle exited the vehicle and began harassing Harper, Shipley, and Wilks. [Leach] urged her daughter, one the occupants of her vehicle, to physically assault Wilks.

Harper, Shipley, and Wilks began driving to the nearest police station. When they were one block from the police station, [Leach's] vehicle and several other vehicles surrounded Harper's vehicle. [Leach] exited her vehicle and told Shipley, who was sitting in Harper's passenger seat, that she had ten more vehicles coming and that Harper was going to be murdered that evening. Eventually, Harper made it to the police station. Unfortunately, police declined to file charges and instead instructed Harper to file a private criminal complaint.

When Harper arrived back at her residence there were several vehicles located in front of her home. When Shipley exited Harper's vehicle, Tyrone McDuffie ("McDuffie") fired a single shot which struck Shipley in the chest. Harper rushed Shipley to the hospital. McDuffie and [Leach] were arrested for attempting to murder Shipley. While [Leach] was free on $200,000.00 bond, she continued to harass Harper.

*Commonwealth v. Leach*, 160 A.3d 243 (Pa. Super. 2017), unpublished memorandum at 1-3.

The Commonwealth charged Leach with multiple counts, including attempted murder, aggravated assault, conspiracy to commit aggravated assault, solicitation to commit aggravated assault, two counts of making terroristic threats, and two counts of stalking. On October 3, 2014, Leach's jury trial commenced. Because Shipley failed to appear, the trial court

admitted his preliminary hearing testimony over Leach's objection. On October 11, 2013, the jury found Leach guilty of all of the above charges. On October 29, 2014, the trial court sentenced Leach to an aggregate term of ten to twenty years of imprisonment and a consecutive five-year probationary term.

Although Leach filed a timely *pro se* motion that was denied by operation of law, she did not file a timely direct appeal. After filing a PCRA petition in 2015, however, the PCRA court granted Leach's petition and reinstated her direct appellate rights *nunc pro tunc*. Thereafter, Leach filed a timely appeal to this Court in which she challenged the admission of Shipley's preliminary hearing testimony, as well as the sufficiency and weight of the evidence supporting her convictions. Finding no merit to any of these claims, we affirmed her judgment of sentence on January 4, 2017. **Leach**, **supra**. On July 7, 2017 our Supreme Court denied Leach's petition for allowance of appeal. **Commonwealth v. Leach**, 169 A.3d 1039 (Pa. 2017). Leach did not seek further review.

Leach filed a timely PCRA petition on January 24, 2018. Ultimately, the PCRA court dismissed the petition, and Leach did not file a direct appeal.

On January 15, 2019, Leach filed the *pro se* PCRA petition at issue. The Commonwealth filed a response on July 2, 2019. On July 23, 2019, Leach filed an amended petition. On August 30, 2019, the PCRA Court filed a Rule 907 notice of its intention to dismiss petition as untimely filed and establishing no timeliness exception. Leach did not file a response. By order entered on

October 29, 2019, the PCRA court denied Leach's petition. This timely appeal followed.[1] Both Leach and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

Before addressing the issues Leach raises on appeal, we must first determine whether the PCRA court correctly concluded that her 2019 PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or

---

[1] In her first issue on appeal, Leach challenges the PCRA court's determination that this appeal is untimely. Our review of the record supports Leach's petition. The PCRA court dismissed Leach's petition on October 29, 2019. This order does not appear in the certified record. However, Leach attached to her notice of appeal a certificate of service dated November 4, 2019. ***See*** Pa.R.A.P. 108(a)(1) (providing day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties). Thus, Leach had thirty days from that date, or December 4, 2019, to timely file her appeal. ***See*** Pa.R.A.P. 903 (providing notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken; 1 Pa.C.S.A. § 1908 (excluding weekends and legal holidays from time computation). Although Leach incorrectly stated in her notice of appeal that she is appealing from the order entered November 26, 2019, the date listed on her certificate of service, her notice of appeal was docketed with the court below on December 2, 2019. Thus, the appeal is timely.

subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Leach's judgment of sentence became final on October 5, 2017, ninety days after our Supreme Court denied her petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Leach had until October 5, 2018, to file a timely petition. Because Leach filed her latest petition in 2019, it is untimely unless she has satisfied her burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

On appeal, Leach claims that the PCRA court should have concluded that her 2019 PCRA petition was timely because she established both the government interference exception and the newly discovered evidence exception.[2] We consider each exception separately.

Leach first asserts that she established the government interference exception. 42 Pa.C.S.A. § 9545(b)(1)(i). This exception requires the PCRA petitioner to plead and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution of laws of the United States."

Here, the PCRA court cogently described Leach's arguments in support of this claim, and explained why it is without merit. The court explained:

> [Leach's] allegations of governmental interference include the District Attorney withholding exculpatory evidence in the form of three certified letters from Steven Shipley, this [c]ourt's tampering with the jury, this [c]ourt's failure to give proper jury instructions and corruption within the District Attorney's Office and Police Department. [] Here, [Leach's] allegations simply cite her perceptions of governmental interference with her case, not interference with her timely ability to bring her PCRA Petition. Further, the allegations lack any form of proof. [Leach] has not produced the letters she claim[s] exonerate her, she has no witnesses or other offer of proof [of] the [trial court's]

---

[2] Leach also raises claims that her sentence is illegal. This claim has to be raised in a timely PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto").

interference with the jury, and her claims regarding the District Attorney's Office and Police Department are simply based off newspaper articles that have no relation to her case. [Leach] fails to avail herself of the governmental interference exception by failing to show any conduct on the part of the court or prosecution which prevented her from discovering or presenting evidence of a particular claim in a timely PCRA petition.

PCRA Court Opinion, 5/21/20, at 6-7.

Our review of the record supports the PCRA court's conclusion. Leach's arguments to the contrary are no more than speculation. Although Leach claims that she "was affected by governmental interference hampering her abilities to submit her [latest] PCRA on time[,]" she provides no proof other than stating that the "Commonwealth has a personal vendetta in which no matter what [she is] attempting to prove or present, [the Commonwealth] automatically [denies] any effort made." Leach's Brief at 8 (excess capitalization omitted). Leach argues that she never received requested transcripts and discovery, but fails to identify any precise claim that she was prevented from raising in a timely petition. Additionally, Leach claims that first PCRA counsel's deficient *Turner*/*Finley*[3] no-merit letter constituted another instance of government interference. The express language of the PCRA refutes this claim. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing that "government officials" do not include defense counsel).

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 7 -

For all of these reasons, the PCRA court correctly concluded that Leach could not establish the governmental interference exception to the PCRA's time bar.

Next, Leach argues that she has established the newly discovered fact exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained this exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, the PCRA court did not hold an evidentiary hearing and did not first conduct a timeliness analysis regarding Leach's newly-discovered evidence claims. Rather, the PCRA court addressed them directly and found them to be meritless. We need not remand for this initial determination at this time, however, given the nature of Leach's claims. As the PCRA court explained:

> [Leach] attempts to invoke the newly discovered fact exception by citing incidents of ineffective assistance of counsel as well as allegations of corruption within the District Attorney's Office and Police Department. Claims of ineffective assistance of counsel do not amount to an exception to the timeliness requirement[s] under the PCRA. **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005). [Leach's] allegations of corruption do not invoke the new fact exception either. [Leach] provides newspaper articles she believes support her allegations, however, these are not evidence and show no correlation to her case. **Commonwealth v. Castro**, 93 A.3d 818, 825 (Pa. 2014).

PCRA Court Opinion, 5/21/20, at 7.

Once again, our review of the record supports the PCRA court's conclusion. Although Leach claims that a 2019 letter from Mr. Shipley exonerates her, and she attached to her latest PCRA petition alibi letters from three alleged witnesses, it is clear that Leach was aware of Mr. Shipley's other letters which made the same assertions, and Leach was clearly aware of at least two of these alibi witnesses prior to the time she filed her latest PCRA petition. **See Commonwealth v. Edmiston**, 64 A.3d 339, 352 (Pa. 2013) (explaining that a newly discovered or newly willing source of previously known facts does not meet the timeliness exception). Indeed, Leach raised

these claims in her timely 2018 PCRA petition. As noted above, Leach did not file an appeal from the denial of this petition.

Leach's serial claim of prior counsel's ineffectiveness does not render her latest PCRA petition timely. Throughout her brief, Leach asserts that multiple instances of ineffective assistance of trial and appellate counsel, as well as her first PCRA counsel, establish a "manifest injustice/actual innocence" exception to the PCRA's time bar. Leach's Brief at 9. No such exception exists. Layered claims of counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA. **See generally**, **Commonwealth v. Fahy**, **supra**; **see also Commonwealth v. Abu-Jamal**, 833 A.2d 719, 728 (Pa. 2003)(holding claim of "actual innocence" could not be reviewed when the PCRA petitioner fails to establish a timeliness exception).

Thus, for all of these reasons, the PCRA court correctly concluded that Leach could not establish the newly-discovered fact exception to the PCRA's time bar.

In sum, because Leach's 2019 PCRA petition was untimely, and she did not establish an exception to the time bar, the PCRA court correctly denied her latest petition. We therefore affirm the order denying Leach post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/21